In re John HONEYCUTT and
Jennie Honeycutt.

Daniel K. SCHIEFFLER,
Trustee, Plaintiff,

v.

Jerry RICKMAN and Lois
Rickman, Defendants.

Bankruptcy No. 94–10110 S.
Adversary No. 95–1019.

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

June 13, 1996.

James C. Luker, Wynne, AR, for Trustee/Plaintiff.

Howard Martin, Cabot, AR, for Defendants.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a review of the post-trial briefs filed in this adversary proceeding. Trial of this matter was held on May 15, 1996, during which the debtor John Honeycutt testified that he believed the schedules listed the debtors' interest in a mobile home as exempt. Since this testimony raised issues regarding the trustee's standing to pursue this adversary proceeding, the Court directed the parties to brief the issue. The trustee's brief indicates that the testimony was in error, that the debtors' attorney confirms that the property is not claimed as exempt, and, thus, that there is no issue of standing.

It is a basic tenet of law that statements of counsel in briefs or during trial are not evidence, see *Campus Sweater & Sportswear Co. v. M.B. Kahn Construction Co.*, 515 F.Supp. 64 (D.S.C.1979), *aff'd*, 644 F.2d 877 (4th Cir.1981), and that testimony is to be taken orally in court, *cf.* Fed.R.Civ.Proc. 43(a). Accordingly, the Court cannot accept as evidence the trustee's statement that the debtor's testimony was in error and that debtors do not claim the mobile home as

exempt. Rule 59 permits the Court to re-open the evidence and hear additional testimony "for any reason rehearings have heretofore been granted in suits in equity in the courts of the United States" including prevention of manifest injustice, *Database America, Inc. v. Bellsouth Advertising Pub. Corp.*, 825 F.Supp. 1216 (D.N.J.1993).

■ Although the Court generally has the authority to reopen the case, *sua sponte*, it may not do so on grounds not stated in a motion unless all parties have notice and opportunity to be heard. The Court is also mindful of the fact that these parties have been involved in several adversary proceedings, that there is little dispute as to the factual exemption issue, and that additional hearings and testimony may involve travel to Court, all of which is a burden upon the parties' resources. In light of these concerns, it is

**ORDERED** as follows:

1. Notice and opportunity is hereby given to the defendants to oppose the Court reopening the evidence in this matter.

(A) Defendants shall advise the Court within ten (10) days of entry of this Order whether they object to the reopening of the evidence, pursuant to Rule 59(a), (d).

(B) If an objection is lodged, the defendants shall further state whether they believe a hearing in open court on the issue of whether the evidence should be reopened is requested.

2. If no objection is filed, the Court shall reopen the evidence in this adversary proceeding solely on the issue of whether the debtors claim the mobile home as exempt and the Court will proceed as follows:

(A) Within ten (10) days after service of the defendant's statement in paragraph (1), above, the parties may submit a stipulation of fact as evidence in this matter.

(B) If no stipulation of fact is filed with the Court, the matter shall be set for hearing in Little Rock by separate notice, in order for oral testimony to be taken in open court, as required by law.

**IT IS SO ORDERED.**